Deaderick, J.,
delivered the opinion of the Court.
The plaintiff in error was jointly indicted in the Criminal Court of Davidson county, with one Henry Edwards, for stealing a cow.
At the January Term, 1870, upon his application, he was tried for the offense separately, and convicted, and sentenced to three years’ confinement in the Penitentiary. A new trial was refused, and the defendant below appealed in error to this Court. The question made before us arises upon a bill of exceptions taken to the action of the court during the progress of the trial, in refusing to admit certain proof proposed to be made by defendant. Defendant introduced a witness by whom he proposed to prove that Henry Edwards had stated to the witness, that he (Edwards) had bought the cow from one Dillon, and that defendant, Sible, had nothing to do with the purchase, and was not in any manner interested in it; that Dillon delivered the cow, and Edwards sent to defendant to send hands to slaughter it the next morning.
*139 The Attorney General objected to the foregoing declarations of Edwards, or to any admissions that he, and not the defendant, was gnilty of said charge, being proved, and the objection was sustained.
This, it is insisted by the attorney for the plaintiff in error, was error, and the case of Hensley v. State, 9 Hum., 244, is cited and relied upon as authorizing the admission of the testimony offered. We think that case and this are essentially different.
The declarations were made by Edwards after the offense was committed, and he was jointly indicced with Sible for it; and while under indictment for the offense, he could not have been examined as a witness in the case, either for or against the defendant on trial, if he had been personally present in court: 1 Greenl. Ev., § 363. To allow testimony of the character proposed, would hold out temptation, and afford facilities for simulating such defense, where no real foundation for it existed.
The case of Hensley v. The State, goes quite as far as we think it consistent with the well established rules of evidence to go, and we are not inclined to extend the principle of allowing declarations of third persons to be given in evidence, either to criminate or exonerate a defendant in criminal prosecution. The proof in the case of The State v. Hensley, was circumstantial. No connection was shown to exist between the defendant and the party whose threats it was proposed to prove. The threats defendant offered to prove were made before the commission of the offense, and it was proposed to show that the party making them was in the neighborhood *140 when tbe offense was committed. We are, therefore, of opinion, there was no error in rejecting the testimony offered.
No bill of exceptions setting out the evidence heard upon the trial, is in the record, and we are bound to presume it was sufficient to warrant the verdict.[1]
The record “does not embody the venire facias,” or contain any recitals showing its return, or the action of the court upon its return. While this omission by Sec. 5242 of the Code, is declared not to be so material as to entitle the defendant, who has been tried upon the merits and convicted, to a new trial, an arrest of, or reversal of the judgment, yet the failure of the clerk “to embody in the record the venire facias, is regarded as such neglect of his official duty as to operate as a forfeiture of all costs to which the clerk would otherwise be entitled: Code, 5243.
We, therefore, affirm the judgment of the Criminal Court, and direct that in the taxation of the costs, no costs shall be taxed in favor of the clerk of that court.

 This point is repeated in Harris v. The State, in an opinion by Nelson, J., delivered March 10, 1871: “A motion, unsupported by anj^ reasons in arrest oí judgment was made and overruled, but no bill of exceptions was tendered; and it is now insisted that the judgment should be reversed because it does not appear that there was any evidence to support the verdict. To this we answer, that the Circuit and Criminal Courts of Montgomery county are courts duly established by law; that, in the absence of anything to the contrary, the proceedings are presumed to be correct; that this Court has no power to reverse them upon broad motion; that the legal presumptions are, that there was ample evidence before the jury to justify the verdict; and, if there was not, the Criminal Court would have granted a new trial, That these presumptions can only be rebutted by setting out the evidence, in a bill of exceptions, so as to show that the Criminal Court was in error, has so frequently been adjudged, in civil as well as criminal cases, in this State, that it is needless to cite authorities.
Affirm the judgment.